UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANGELA ROGACKI, on behalf of herself, individually, and all other similarly situated persons,

Plaintiff,

-against-

FARM COUNTRY KITCHEN INC. and THOMAS CARSON,

Defendants.
-----------------------------------------------------------------------X

**<u>COMPLAINT</u>**

*Class and Collective Actions*

Plaintiff Angela Rogacki, on behalf of herself, individually, and all other similarly situated persons, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendants, Farm Country Kitchen Inc. and Thomas Carson (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), unpaid minimum wages under the FLSA and NYLL, unpaid wages at her agreed upon rate of pay under the NYLL, unpaid spread of hours compensation under the NYLL, unlawfully retained tips and gratuities under the NYLL, to recover unlawful deductions from wages, tips and gratuities earned under NYLL § 193, damages for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), damages for failure to provide a wage notice upon her hire under NYLL § 195(1), damages for quantum meruit, unjust enrichment and

conversion under New York common law, and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL and New York common law on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

**<u>JURISDICTION AND VENUE</u>**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201 *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

**<u>THE PARTIES</u>**

6. At all relevant times, Plaintiff is and was a resident of the County of Suffolk, State of New York.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL §§ 190(2), (4).

8. At all relevant times, Defendant Farm Country Kitchen Inc. is and was a domestic business corporation with its principal place of business at 513 W. Main St., Riverhead, New York 11901.

9. At all relevant times, Defendant Farm Country Kitchen Inc. was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10. At all relevant times, Defendant Farm Country Kitchen Inc. was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

11. At all relevant times, Defendant Farm Country Kitchen Inc. employed more than eleven employees at any given time.

12. At all relevant times, Defendant Thomas Carson was an owner, officer and/or Chief Executive Office for Defendant Farm Country Kitchen Inc., as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, and exercised that authority by

terminating Plaintiff's employment, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

13. Defendants are a company and its owner that operate a restaurant, bar and catering facility serving American cuisine and alcohol in Riverhead, New York.

14. Defendants employed Plaintiff from on or about April 30, 2025 until on or about July 9, 2025 as a bartender and server.

15. Throughout her employment, Plaintiff regularly worked four days, or sometimes even more days, per workweek.

16. Throughout her employment, Plaintiff typically worked on Monday from 4:00 p.m. until 10:00 p.m., and on Friday through Sunday from 10:00 a.m. until between 10:00 p.m. and 11:00 p.m., and sometimes even more hours during these days.

17. Throughout her employment, Plaintiff did not receive uninterrupted meal breaks during her shifts.

18. Accordingly, throughout her employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours – often between 42 and 45 hours, or sometimes even more hours – during many of her workweeks.

19. Throughout her employment, Defendants paid Plaintiff an hourly rate of pay.

20. However, throughout her employment, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

21. Throughout her employment, Defendants failed to provide Plaintiff with a compliant written notice under the NYLL, or compliant written or oral notice under the FLSA, stating that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

22. Throughout her employment, Defendants failed to even provide Plaintiff with an oral notice that included the information required under the NYLL stating that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

23. Throughout her employment, with the exception of approximately the last three weeks of her employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed to Plaintiff and other employees, including, *inter alia*, servers, bussers, runners, and bartenders, and also improperly included Defendant Carson and multiple other exempt managers.

24. Throughout nearly all of her employment, with the exception of approximately the last three weeks of her employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff and other tipped employees in that Defendants frequently permitted Defendant Carson – the restaurant's owner, Chief Executive Officer, and active manager in the restaurant – and multiple exempt managers to participate and share in the distribution of tips and gratuities intended for tipped employees.

25. Throughout nearly all of her employment, with the exception of approximately the last three weeks of her employment, Defendant Carson and multiple exempt managers frequently and improperly participated in and received tips and gratuities through Defendants' tip pool as if they were hourly-paid, tipped employees.

26. Throughout nearly all of her employment, with the exception of approximately the last three weeks of her employment, Defendants, through Defendant Carson, frequently deducted sums from tips and gratuities – a form of wages – that were intended to be contributed to Defendants' tip pool which were tips and gratuities earned by and owed to Plaintiff and other tipped employees by improperly retaining those funds, not including those funds in the tip pool calculations and never distributing those tips and gratuities to anyone through the tip pool.

27. As such, throughout nearly all of her employment, with the exception of approximately the last three weeks of her employment, Defendants, through Defendant Carson and their exempt managers, unlawfully retained tips and gratuities owed to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL and New York common law.

28. Throughout nearly all of her employment, with the exception of approximately the last three weeks of her employment, Defendants, through Defendant Carson, frequently deducted sums from tips and gratuities – a form of wages – that were intended to be contributed to Defendants' tip pool and that were tips and gratuities earned by and owed to Plaintiff and other tipped employees by improperly retaining those funds for Defendants, Defendant Carson and Defendants' exempt managers as part of the tip pool and by retaining those funds, not including those funds in the tip pool calculations and never distributing those tips and gratuities to anyone through the tip pool.

29. Thus, throughout her employment, Defendants deducted from and/or failed to remit Plaintiff's and other tipped employees' earned wages that were owed in the form of tips and gratuities, resulting in unlawful deductions, either directly or by separate transaction, to Plaintiff's and other tipped employees' earned wages that were not required by law or regulation, and were

not authorized by Plaintiff and other tipped employees and were not for their benefit, in violation of NYLL § 193 and New York common law.

30. Throughout nearly all of her employment, with the exception of approximately the last three weeks of her employment, Defendant Carson was directly responsible collecting, counting, and distributing all tips and gratuities, as well as determining who would be included in the tip pool and determining the amounts to be received by Plaintiff, other tipped employees from the tip pool and any improper participants in the tip pool.

31. During her employment, Plaintiff confronted Defendants, through Defendant Carson, regarding Carson unlawfully retaining tips and gratuities that were intended to be contributed to Defendants' tip pool and that were tips and gratuities earned by and owed to Plaintiff and other tipped employees.

32. In response, Defendant Carson admitted that he was retaining tips and gratuities that were intended to be contributed to Defendants' tip pool and commented, in sum and substance, that she was the "only one who caught that."

33. Moreover, throughout her employment, Defendants frequently required Plaintiff to perform duties normally performed by other non-tipped employees. Throughout her employment, Plaintiff often performed a substantial amount of non-tipped work during her shifts, which exceeded twenty percent of her time worked during certain shifts and therefore exceeded the amount of time permitted for a tipped-rate employee by applicable law and regulations. Notwithstanding this, Defendants paid Plaintiff at her tipped rate of pay for time spent performing non-tipped work.

34. By way of example, Defendants often required Plaintiff to perform the following non-tipped work while being paid at her tipped rate, including, *inter alia*, polishing silverware,

folding napkins, setting tables, filling ice containers, restocking the bar with supplies, cutting fruit, and making coffee.

35. Throughout her employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

36. Despite these unlawful practices, throughout her employment, Defendants paid Plaintiff and other tipped employees at a reduced tipped rate that was below the statutorily mandated minimum wage rate for her hours worked, in violation of the NYLL.

37. Defendants failed to pay Plaintiff at any rate of pay for her entire first week of employment. As a result, during this workweek, Defendants failed to pay Plaintiff at any rate of pay, including failing to pay her at the applicable minimum wage rate, her agreed upon rate of pay, or her statutorily required overtime rate for hours worked in excess of forty hours, in violation of the FLSA, NYLL and New York common law.

38. Throughout her employment, Defendants frequently failed to pay Plaintiff at any rate of pay for many of her hours worked during each week, often failing to pay her for as many as 10 to 24 hours of work performed during each workweek.

39. As a result of these practices, throughout her employment, Defendants failed to pay Plaintiff at any rate of pay, including failing to pay her at the applicable minimum wage rate, her agreed upon rate of pay, or her statutorily required overtime rate for hours worked in excess of forty hours, in violation of the FLSA, NYLL and New York common law.

40. When Plaintiff's compensation is converted to her true hourly regular rate of pay by dividing her hours worked by her earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA and NYLL.

41. When Plaintiff's compensation is converted to her true hourly regular rate of pay by dividing her hours worked by her earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay that is even below the mandated reduced, tipped minimum wage – the rate that may apply if a valid tip credit notice had been provided and applicable tip laws and regulations had been followed, neither of which Defendants complied with – in violation of the FLSA and NYLL.

42. Throughout her employment, despite being required to frequently work in excess of forty hours during her workweeks, Defendants failed to pay Plaintiff at any rate of pay for her overtime hours worked in excess of forty hours during each workweek, in violation of the FLSA, NYLL and New York common law.

43. As a result, throughout her employment, Defendants failed to pay Plaintiff at her statutorily-mandated overtime rate of pay of at least one and one-half times the applicable minimum wage rate or her proper regular hourly rate of pay, whichever is greater, for her hours worked in excess of forty during her workweeks, in violation of the FLSA and NYLL.

44. Throughout her employment, Plaintiff also frequently worked daily shifts that exceeded ten hours per day from their start to their finish. However, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

45. Throughout her employment, Defendants paid Plaintiff a mixture of check and cash, or through either check only or cash only, during different time periods.

46. Throughout her employment, Defendants failed to provide written notice to Plaintiff upon her hire in her primary language – or at all – of her rates of pay and other information required by NYLL § 195(1).

47. Throughout her employment, Defendants failed to furnish Plaintiff with accurate – and sometimes failed to provide any – statements of her wages earned, including, *inter alia*, her correct regular and overtime rates of pay, her correct amount of regular and overtime hours worked, her spread of hours compensation, and her correct amount of tips and gratuities received, gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

48. By failing to provide Plaintiff with a wage notice meticulously detailing Plaintiff's hourly rates upon her hire, as well as by failing to record her actual amount of hours worked and her tips and gratuities received, by secretly stealing and not including substantial amounts of her tips and gratuities earned, and by omitting many of her hours worked from her pay records, for each workweek as required by NYLL §§ 195(1) and (3) and the related New York State Department of Labor Regulations, and by failing to provide other accurate and/or complete information under these requirements, such as failing to provide accurate wage statements (i.e. paystubs), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether she had been underpaid for her proper straight-time, regular hourly wages, overtime compensation, or had been correctly paid for all tips and gratuities earned, throughout her employment.

49. Because Plaintiff worked without the accurate and complete information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages, tips and gratuities that she was entitled to receive, assess the manner in which her wages were calculated, and determine that she had been underpaid during her workweeks, which caused Plaintiff to suffer unpaid wages throughout her employment and causing her to suffer

underpayments longer than she would have if a compliant – or any – wage notice and/or a complaint or accurate wage statements had been provided.

50. With no way to know how much Plaintiff should have been making or receiving in wages, tips and gratuities, Plaintiff worked throughout her employment without discovering how much she had been underpaid during her workweeks, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

51. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the wages, tips and gratuities earned by and paid to Plaintiff, failing to pay Plaintiff in accordance with her actual hours worked, failing to pay wages at least equal to the FLSA and NYLL minimum wage rates of pay, failing to pay proper overtime wages in accordance with her hours worked, failing to pay her at any rate of pay for many of her hours worked, failing to pay Plaintiff spread of hours compensation in accordance with her hours worked, permitting Defendants' owner and exempt managers to retain tips and gratuities from the employee tip pool earned by and owed to Plaintiff and other tipped employees, intentionally failing to accurately record tips and gratuities received by Plaintiff and other tipped employees, unlawfully deducting and/or failing to remit earned wages in the form of tips and gratuities to Plaintiff, and failing to provide compliant tip credit notices under the FLSA and NYLL.

52. Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

53. Plaintiff, Class Members and FLSA Collective Action Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

**COLLECTIVE ACTION ALLEGATIONS**

54. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them minimum wage compensation and overtime pay for hours worked in excess of forty (40) hours each week.

55. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interests in in bringing this action.

56. Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, runners, bartenders or bar employees, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

57. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of minimum wage compensation and overtime pay in violation of the FLSA,

will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings the Third through Thirteenth Claims for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, runners, bartenders or bar employees, and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

59. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for Class Members may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

60. The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

61. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

62. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at their applicable agreed upon rates of pay for their hours worked;

(d) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at any rate of pay for certain hours worked during their workweek;

(e) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(f) Whether Defendants unlawfully made deductions to Plaintiff's and Class Members' wages, tips and gratuities, either directly or by separate transactions, for the benefit of Defendants and/or without authorization of Plaintiff or the Class Members;

(g) Whether Defendants failed and/or refused to pay, retained and/or failed to remit tips and gratuities due to the Plaintiff and Class Members, in violation of the NYLL and/or New York common law;

(h) Whether Defendants' pay practices violated the New York common law, in the form of quantum meruit, with respect to the Plaintiff and Class Members;

(i) Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiff and Class Members;

(j) Whether Defendants' pay practices violated the New York common law, in the form of conversion, with respect to the Plaintiff and Class Members;

(k) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice informing them that they would be paid at a tipped rate, within the requirements set forth under the NYLL and its applicable regulations, and/or whether such notice was provided in their primary language;

(l) Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(m) Whether Defendants, Defendants' owner, Chief Executive Officer, and/or any exempt managers participated in and/or unlawfully retained tips and gratuities from the tip pool due to the Plaintiff and Class Members;

(n) Whether Defendants failed to pay or remit tips and gratuities and/or other wages to the Plaintiff and Class Members;

(o) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(p) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(q) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation, wages at their agreed upon rates of pay, spread of hours compensation, failing to pay and/or retaining of tips and gratuities, and unlawfully deducting and/or retaining wages, tips and gratuities, was done willfully and/or with reckless disregard of the state wage and hour laws;

(r) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(s) Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiff and Class Members;

(t) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(u) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

63. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected and harmed all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

64. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

65. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

66. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

67. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

68. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

69. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

71. Defendants' violations of the FLSA have been willful and intentional.

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

73. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES)**

74. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

75. Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

76. Defendants' violations of the FLSA have been willful and intentional.

77. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78. Due to Defendants' violations of the FLSA, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

79. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

80. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

81. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

82. Defendants' violations of the NYLL have been willful and intentional.

83. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

84. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

85. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

86. Defendants' violations of the NYLL have been willful and intentional.

87. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – FAILURE TO PAY WAGES DUE)**

88. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

89. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

90. Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay for certain hours that they worked in accordance with their agreed terms of employment.

91. Defendants' violations of the NYLL have been willful and intentional.

92. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rates of pay.

93. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

**SIXTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)**

94. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

95. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

96. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

97. For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**SEVENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)**

98. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

99. Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

100. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities. However, Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and they have not been paid those tips and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities, in violation of NYLL § 196-d.

101. Defendants' violations of the NYLL have been willful and intentional.

102. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## EIGHTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 193)

103. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

104. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

105. Based on the forgoing, Defendants engaged in multiple forms of unlawful deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, directly and/or by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

106. Thus, Defendants commonly made deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, solely for the benefit of the Defendants, without Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's authorization, and not for the benefit of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

107. Defendants' violations of the NYLL have been willful and intentional.

108. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**NINTH CLAIM FOR RELIEF**
**(QUANTUM MERUIT)**

109. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

110. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

111. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, performed valuable services for Defendants with the expectation that they would be compensated for their work.

112. Defendants failed to compensate Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, at their regular rate of pay or any rate of pay for certain hours that they worked for the Defendants.

113. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to the recovery of the reasonable value of the services that they provided to Defendants, Defendants were enriched at the expense of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

114. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, have sustained and are entitled to recover damages, costs of this action, and interest as permitted by law.

115. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**TENTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

116. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

117. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities – a form of wages – and compensation through an hourly rate of pay.

118. However, Defendants retained and/or failed to remit a portion of those tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and failed to pay them for certain hours of work at any rate of pay, thereby withholding their compensation in the form of earned wages, tips, gratuities and/or money due and owing to them.

119. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

120. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, have sustained and are entitled to recover damages, out of pocket costs, other incidental and consequential damages, costs of this action, and interest as permitted by law.

121. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## ELEVENTH CLAIM FOR RELIEF
## (CONVERSION)

122. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

123. Based on the forgoing, Defendants engaged in multiple forms of unlawful conversion of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property, including, but not limited to, retaining and/or failing to remit wages earned for certain hours of work at any rate of pay and retaining and/or failing to remit earned wages, tips, gratuities and/or money due to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action.

124. Defendants engaged in this conduct and have retained and/or failed to remit to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action their

earned wages, tips, gratuities and/or money without Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's authorization and without their consent.

125. Based on the foregoing, Defendants' conduct – including, not limited to retaining and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money – amounts to nothing less than blatant theft of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money.

126. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's personal property, in the form of earned wages, tips, gratuities and/or money, that belonged to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and that did not belong to Defendants, and interfered with Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights of possession.

127. Based on the foregoing, Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property in the form of earned wages, tips, gratuities and/or money, and by permanently impeding Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action from using their earned wages, tips, gratuities and/or money, which they have the exclusive right to use.

128. As a result of Defendants' unlawful conduct, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to all damages, the value of all property, earned wages, tips, gratuities and/or money converted to Defendants' possession

and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

129. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**TWELFTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

130. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

131. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

132. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**THIRTEENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

133. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

134. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate – and sometimes failed to provide any – statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, their correct amount of regular and overtime hours worked, their spread of hours compensation, and their correct amount of tips and gratuities received, gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

135. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations

and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and under New York common Law;

iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Awarding unpaid wages, including unpaid overtime wages and minimum wages, and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Awarding unpaid wages, including overtime wages, minimum wages, wages at their agreed upon rates of pay, spread of hours compensation, unpaid and/or retained tips and gratuities, unlawfully deducted wages, tips and/or gratuities from earned wages, and any other forms of compensation, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

vii. Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii. Awarding damages relating to the unlawful violation of New York common law with respect to quantum meruit, unjust enrichment and conversion;

ix. Awarding punitive damages as permitted by law;

x. Awarding pre- and post-judgment interest as permitted by law;

xi. Awarding attorneys' fees incurred in prosecuting this action;

xii. Awarding all costs and expenses incurred in prosecuting this action; and

xiii. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 11, 2026

ROMERO LAW GROUP PLLC
*Attorneys and Co-Counsel for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: ______________________________
DAVID D. BARNHORN, ESQ.